### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| WENDY M. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. A. NO. 25-0037-KD-MU |
| MOBILE POLICE DEPARTMENT, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Wendy M. Williams's *pro se* complaint against Defendant, which was filed on January 27, 2025. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for appropriate action. Because Plaintiff has failed to pay the filing fee or a motion to proceed without prepayment of a filing fee, as ordered by the Court on January 30, 2025, and to comply with the Court's order regarding same, *see* Doc. 2, it is recommended that this action be dismissed without prejudice.

On January 30, 2025, Plaintiff was ordered to pay the filing fee or to complete and file a motion to proceed without prepayment of fees by February 27, 2025. (Doc. 2). Plaintiff was warned in that order that if she failed to comply with the Court's order by February 27, 2025, the undersigned Magistrate Judge would recommend that her action be dismissed without prejudice. As of today's date, Plaintiff has not paid the filing fee, nor has she filed a motion to proceed without prepayment of fees.

Because of Plaintiff's failure to pay the required filing fee or a motion to proceed without prepayment of fees and her failure to comply with the Court's order, and upon

consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **March, 2025**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**